**The STATE of Texas, Appellant**

v.

**Cory A. STEVENS, Appellee.**

**No. 14–05–00129–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 2008.

Matthew W. Paul, Austin, Keith G. Allen, Angleton, for appellant.

Cory A. Stevens, pro se appellee.

Panel consists of Justices FOWLER, FROST, and SEYMORE.

## OPINION ON REMAND

WANDA McKEE FOWLER, Justice.

On remand from the Court of Criminal Appeals, we consider the State's contention that, in an action to adjudicate guilt on a charge of involuntary manslaughter after appellee Cory A. Stevens was arrested for driving while intoxicated ("DWI") in Tom Green County, the Brazoria County district court erred by granting Stevens's motion to suppress evidence based on the application of collateral estoppel to an earlier ruling of the county court at law in Tom Green County granting Stevens's motion to suppress evidence in the DWI prosecution. We hold that the doctrine of collateral estoppel does not apply because no final judgment was entered in the Tom Green County proceeding, and even if one had been entered, it would have not have included a finding on an element of the alleged offense, because the issue determined in the Tom Green County proceeding was whether the police officer had reasonable suspicion or probable cause to stop Stevens, not whether there was evidence to support the elements of the DWI offense as alleged in the motion to adjudicate. Accordingly, we reverse and remand to the trial court.

### Factual and Procedural Background

The factual and procedural background of the case is detailed in the Court of Criminal Appeals opinion, *State v. Stevens*, 235 S.W.3d 736, 737–39 (Tex.Crim.App. 2007); therefore, we will recount only the facts necessary to determine the present issue.

In 1995, Stevens pleaded "no contest" to involuntary manslaughter in Brazoria County and was placed on ten years' deferred-adjudication community supervision. *Id.* at 738. In June 2003, Stevens was arrested in Tom Green County for DWI. *Id.* Consequently, the Brazoria County District Attorney's office filed a motion to adjudicate guilt on the involuntary manslaughter offense. *Id.*

In January 2004, Stevens moved to suppress evidence in the Tom Green County DWI case, questioning the validity of the initial stop of his vehicle. *Id.* At a pretrial hearing, both the State and the defense presented evidence, including the testimony of the officer who initially stopped Stevens. *Id.* The Tom Green County court at law granted Stevens's motion to suppress, but filed no findings of fact or conclusions of law. *Id.* The DWI case was then dismissed. *Id.*

In September 2004, in response to the State's motion to adjudicate guilt in Brazoria County, Stevens moved to suppress the evidence from the DWI arrest based on the findings of the Tom Green County court at law. *Id.* The judge in Brazoria County held two hearings on the motion to suppress. *Id.* At both, the issue was whether collateral estoppel precluded his review of the State's evidence regarding whether there was reasonable suspicion or probable cause to make the initial DWI stop in Tom Green County. *See id.* at 738–39. The judge granted the motion to suppress, finding that the record showed that "all the facts were considered concerning whether or not there was reasonable suspicion to stop and—or probable cause.... It was the ultimate issue of fact in the case." *Id.* at 739. The trial court's suppression order also reflected

that, because the issue of whether the stop and arrest of appellee without reasonable suspicion and/or probable cause was fully adjudicated, the motion to suppress should be granted based on the application of the doctrine of collateral estoppel. *See id.*[1]

**Analysis**

On remand, we consider the State's contention that the trial court committed reversible error in applying the doctrine of collateral estoppel and in granting Stevens's motion to suppress. We review the trial court's decision to apply collateral estoppel de novo. *Id.* at 740.

■■■ The doctrine of collateral estoppel is embodied within the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment. *Murphy v. State,* 239 S.W.3d 791, 794 (Tex.Crim.App. 2007) (citing *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); U.S. CONST. amend. V; U.S. CONST. amend. XIV). While double jeopardy protects a defendant against a subsequent prosecution for an offense for which the defendant has been acquitted, collateral estoppel deals only with relitigation of specific fact determinations. *Id.* Collateral estoppel means " 'that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit relating to the same event or situation.' " *Id.* (quoting *Ashe,* 397 U.S. at 443, 90 S.Ct. 1189; *Ex Parte Taylor,* 101 S.W.3d 434, 440 (Tex. Crim.App.2002)). Thus, for collateral estoppel to apply on a constitutional basis, jeopardy must have attached or there must have been the equivalent of criminal punishment in the first proceeding. *State v. Rodriguez,* 11 S.W.3d 314, 317–19 (Tex. App.-Eastland 1999, no pet.). The scope

of the facts that were actually litigated determines the scope of the factual finding covered by collateral estoppel. *Murphy,* 239 S.W.3d at 795. The very fact or point at issue in the pending case must have been determined in the prior proceeding. *Id.* The defendant must meet the burden of proving that the facts in issue were necessarily decided in the prior proceeding. *Id.*

■■■ To determine whether collateral estoppel bars a subsequent prosecution or permits the prosecution but bars relitigation of certain specific facts, the reviewing court applies a two-step analysis to determine (1) exactly what facts were necessarily decided in the first proceeding, and (2) whether those necessarily decided facts constitute essential elements of the offense in the second trial. *Id.* To satisfy the second part of the analysis, the precise fact litigated in the first prosecution "must also be an essential element of the subsequent offense." *Id.* "Specifically, if the necessarily decided fact litigated in the first prosecution constitutes an essential element framed within the second prosecution's offense, then the 'essential element of the offense' prong is satisfied." *Id.*

In *Murphy,* the appellant was stopped for speeding, and during a search of his vehicle, the state trooper who stopped him discovered marijuana and cocaine in the vehicle, and arrested the appellant for possession of drug paraphernalia and possession of a controlled substance. *Id.* at 792–93. The appellant was later acquitted on the paraphernalia charge in justice court, after the trial judge entered an order in which he found, among other things, that the State failed to demonstrate that there was probable cause to stop the appellant. *Id.* at 793. The appellant then moved to

---

1. We note that, in appellee's brief, he likewise asserts that the "the ultimate fact issue" in this case "was the traffic stop in Tom Green County."

suppress the evidence and dismiss the indictment in the possession of a controlled substance case in the district court, contending that, based on the findings in the earlier case, collateral estoppel prohibited the State from introducing evidence of the trooper's probable cause to stop and detain him. *Id.* The trial court denied the motions, and the court of appeals affirmed. *Id.* at 794.

On the facts before it, the Court of Criminal Appeals determined that only the second prong of the collateral estoppel analysis—whether the facts decided in the first proceeding constituted essential elements of the offense in the second trial—was at issue. *Id.* at 795. The Court began by acknowledging that "[i]n order to successfully prosecute appellant in separate trials for possession of drug paraphernalia and possession of a controlled substance, the state must first prove that reasonable suspicion or probable cause existed to stop appellant...." *Id.* Nevertheless, and significantly here, the Court went on to explain that, while factors such as reasonable suspicion or probable cause to stop or search an individual "are important preliminary issues," they are "merely issues of the admissibility of evidence" and "are not elements essential to proving the commission of" the charged offenses. *See id.* at 795–96. Accordingly, the *Murphy* Court held that the evidentiary findings in the justice court prosecution for possession of drug paraphernalia, which included a finding that the State failed to show probable cause in stopping the appellant's vehicle, did not relate to the essential elements of the possession of a controlled substance charge tried in the district court, and therefore collateral estoppel did not apply to preclude conviction on the latter charge. *Id.* at 796.

■ Here, the State filed a motion to adjudicate guilt, alleging, in part, that Stevens violated the terms of his probation by driving while intoxicated in Tom Green County. The Brazoria County district court, reviewing the record of the Tom Green County proceeding, determined that the county court at law judge found that the stop and arrest of Stevens was without reasonable suspicion and/or probable cause, and that this was the "ultimate issue of fact in the case." *See id.* at 795–96. However, applying the reasoning of *Murphy*, whether there was reasonable suspicion or probable cause to stop and arrest appellee for DWI was merely an evidentiary issue that does not relate to an essential element of the DWI alleged as a basis for the State's motion to adjudicate. *See id.*; *Rodriguez*, 11 S.W.3d at 319 (holding that order granting motion to suppress in appellant's misdemeanor possession of marijuana case based on finding that affidavit supporting search warrant failed to establish probable cause did not determine an ultimate issue in appellant's district court case involving felony offense of possession of cocaine with intent to deliver); *see also Neaves v. State*, 767 S.W.2d 784, 786–87 (Tex.Crim.App.1989) (holding that issue in administrative hearing of whether police had probable cause to believe appellant had been driving while intoxicated when he was asked for breath specimen was not an issue of ultimate fact in appellant's prosecution for DWI). Thus, the protection from double jeopardy afforded by the Fifth Amendment is not implicated here, and as a consequence, collateral estoppel based on double jeopardy may not be imposed to bar the subsequent adjudication of guilt based on the alleged DWI. *See Murphy*, 239 S.W.3d at 796; *Rodriguez*, 11 S.W.3d at 319.

■ Additionally, collateral estoppel based on double jeopardy also requires that the issue of ultimate fact is determined "by a valid and final judgment." *See Ashe*, 397 U.S. at 443, 90 S.Ct. 1189; *Stevens*, 235 S.W.3d at 740. Texas courts have held that collateral estoppel based on

civil law concepts—as distinct from collateral estoppel based on double jeopardy—likewise requires that there be a valid and final judgment in the first proceeding for the doctrine to apply. *See State v. Henry,* 25 S.W.3d 260, 261–62 (Tex.App.-San Antonio 2000, no pet.); *Rodriguez,* 11 S.W.3d at 322–23.[2] We agree with the reasoning of these courts. A ruling on a motion to suppress evidence is a pretrial ruling by the trial judge that is not a final judgment and does not necessarily involve an ultimate issue in a criminal prosecution. *Rodriguez,* 11 S.W.3d at 322. Because it is an interlocutory ruling, it may be reconsidered by the trial judge. *Henry,* 25 S.W.3d at 262; *Rodriguez,* 11 S.W.3d at 322. Further, neither the State's failure to appeal a suppression ruling nor the dismissal of the first case renders the suppression ruling final. *Henry,* 25 S.W.3d at 262; *Rodriguez,* 11 S.W.3d at 323; *see Stevens,* 235 S.W.3d at 740–41 & n. 2 (Cochran, J., concurring) (noting that in *Guajardo v. State,* 109 S.W.3d 456 (Tex.Crim.App. 2003), four members of the Court of Criminal Appeals stated or suggested that "collateral estoppel does not apply to pretrial rulings made in a motion to suppress evidence."). Because the ruling on the motion to suppress in the Tom Green County DWI was an interlocutory, non-final order on Stevens's motion to suppress, and the case was ultimately dismissed, collateral estoppel—whether based on double jeopardy or civil law concepts—cannot apply. Consequently, the Brazoria County trial court erred in granting Stevens's motion to suppress on the basis that collateral estoppel precluded the State's presentation of evidence relating to the stop and arrest of Stevens in Tom Green County for DWI.

## Conclusion

Under the circumstances of this case, we conclude that the Brazoria County district court's order granting Stevens's motion to suppress on the basis of collateral estoppel was error because any findings of fact on the issue of reasonable suspicion and/or probable cause to stop Stevens would not relate to an essential element of the DWI alleged as a basis for the State's motion to adjudicate guilt, and there was no final judgment in the original DWI prosecution. Accordingly, we reverse the order granting the motion to suppress and remand for further proceedings consistent with this opinion.

---

**2.** It is unclear whether and to what extent civil collateral estoppel concepts apply in the criminal law context. *See Henry,* 25 S.W.3d at 261; *Rodriguez,* 11 S.W.3d at 319–20; *see also Guajardo v. State,* 109 S.W.3d 456, 468 (Tex.Crim.App.2003) (Hervey, J., concurring) ("This Court has never squarely addressed whether collateral estoppel principles beyond *Ashe*'s double jeopardy context should apply to Texas criminal cases.") (citing *Reynolds v. State,* 4 S.W.3d 13, 15–22 (Tex.Crim.App. 1999); *State v. Brabson,* 976 S.W.2d 182, 183–86 (Tex.Crim.App.1998)). We hold only that, in this case, civil collateral estoppel cannot apply because there was no final judgment in the Tom Green County proceeding.