NO









NO. 12-08-00106-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

RICKIE DAWSON YORK,                                '     APPEAL
FROM THE 241ST

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '     SMITH COUNTY,
TEXAS





                                                      MEMORANDUM
OPINION

Rickie
Dawson York appeals his conviction for possession of a controlled substance,
for which he was sentenced to imprisonment for sixty years.  Appellant raises
two issues on appeal.  We affirm.

 

Background

At
approximately 3:00 a.m. on October 16, 2007, Bullard police officer Leland
Shawn Johnson was driving to Tyler, Texas and passed by a gas station.  As he
passed, Johnson noticed a car parked on the sidewalk next to the station with
its headlights shining into the gas station.  Because there had been a recent
burglary at that particular gas station, Johnson stopped to investigate.   As
Johnson approached, he observed that the vehicle’s engine was running and that
Appellant was sleeping in the driver=s
seat of the vehicle.  Johnson sought to interview Appellant.  When Johnson
asked Appellant about his present location, Appellant  could not readily convey
what he was doing and gave the name of a town that was not nearby.  Johnson
asked Appellant to exit the vehicle and consent to a search of his person. 
Appellant obliged, and Johnson discovered a quantity of marijuana and
methamphetamine in Appellant’s right front pants pocket.  Subsequently, it was
determined that Appellant had provided a false name.  Appellant was charged
with possession of marijuana, failure to identify, and possession of
methamphetamine.

In
the misdemeanor trial for failure to identify, Johnson testified that the sole
reason he investigated Appellant at the service station was to determine if a
burglary had been committed or was then in progress.  He further testified that
he did not observe Appellant commit a breach of the peace, a public order
crime, a felony offense, or an offense under Texas Penal Code, chapter 49.  The
trial court granted Appellant=s
motion to suppress and entered a directed verdict.

In
Appellant’s subsequent trial for possession of methamphetamine, from which the
instant appeal arises, Appellant filed a motion to suppress based on various
alleged violations of his rights as well as an illegal detention and arrest. 
Appellant further asserted that the trial court was bound by the misdemeanor
court=s decision.  A
hearing was conducted on Appellant=s
motion to suppress.  At the hearing, Johnson testified in supplement to his
prior testimony that he was also concerned that someone might be committing the
offenses of driving while intoxicated, public intoxication, or criminal
trespass.  The trial court denied Appellant=s
motion to suppress, and Appellant later pleaded “guilty.”  Thereafter, the
trial court found Appellant “guilty” as charged and conducted a trial on
punishment before a jury.  Ultimately, the jury assessed Appellant=s punishment at
imprisonment for sixty years.  The trial court sentenced Appellant accordingly,
and this appeal followed.

 

Motion to Suppress

In
his first issue, Appellant argues that the trial court erred by denying his
motion to suppress.  Specifically, Appellant argues that Johnson (1) lacked
reasonable suspicion to conduct the investigatory detention that led to the
discovery of the methamphetamine and (2) lacked legal authority to detain or
arrest Appellant because he was outside of his jurisdiction.

Standard
of Review

We
review a trial court=s
ruling on a motion to suppress evidence under a bifurcated standard of review.  See
Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the
trial court=s
decision, we do not engage in our own factual review.  See Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State,
118 S.W.3d 857, 861 (Tex. App.BFort
Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of
the credibility of the witnesses and the weight to be given their testimony.  Wiede
v. State, 214 S.W.3d 17, 24B25
(Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000), modified on other grounds, State v. Cullen,
195 S.W.3d 696, 698–99 (Tex. Crim. App. 2006).  Therefore, we give almost total
deference to the trial court=s
rulings on (1) questions of historical fact, even if the trial court=s determination of those
facts was not based on an evaluation of credibility and demeanor, and (2)
application of law to fact questions that turn on an evaluation of credibility
and demeanor.  See Amador, 221 S.W.3d at 673; Montanez v.
State, 195 S.W.3d 101, 108B09
(Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002). 
But when application of law to fact questions do not turn on the credibility
and demeanor of the witnesses, we review the trial court=s rulings on those questions de novo.  See Amador,
221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652B53.

In
other words, when reviewing the trial court=s
ruling on a motion to suppress, we must view the evidence in the light most
favorable to the trial court=s
ruling.  See Wiede, 214 S.W.3d at 24; State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the record is silent on the
reasons for the trial court=s
ruling, or when there are no explicit fact findings and neither party timely
requested findings and conclusions from the trial court, we imply the necessary
fact findings that would support the trial court=s
ruling if the evidence, viewed in the light most favorable to the trial court=s ruling, supports those
findings.  See Kelly, 204 S.W.3d at 819; see Amador,
221 S.W.3d at 673; Wiede, 214 S.W.3d at 25.  We then review de
novo the trial court=s
legal ruling unless the implied fact findings supported by the record are also
dispositive of the legal ruling.  See Kelly, 204 S.W.3d at
819.

Length of
Detention and Reasonable Suspicion

To
justify an investigative detention, an officer must have reasonable suspicion,
based on specific articulable facts that, in light of the officer’s experience
and general knowledge, lead the officer to a reasonable conclusion that
criminal activity is underway and that the detained person is connected with
the activity.  Sims v. State, 98 S.W.3d 292, 295 (Tex. App.BHouston [1st Dist.] 2003,
pet. ref=d).  We must
review the totality of the circumstances of each case to see whether the
officer had a particular and objective basis for having suspected wrongdoing.  Id. (citing United States v. Arvizu, 534 U.S. 266, 273, 122 S. Ct. 744, 750, 151 L. Ed. 2d 740 (2002)); see also Carmouche v. State,
10 S.W.3d 323, 330 (Tex. Crim. App. 2000). (review under objective standard
that disregards any subjective intent of officer making detention and looks
solely to whether objective basis for detention exists).  After initiating
contact with a defendant, an officer may rely on all of the facts ascertained
during the course of such contact to develop articulable facts that would
justify a continued detention.  See Powell v. State, 5 S.W.3d
369, 377 (Tex. App.BTexarkana
1999, pet. ref=d).

A
detention must last no longer than is necessary to satisfy the purpose
thereof.  See Florida v. Royer, 460 U.S. 491, 500, 103 S. Ct.
1319, 1325, 75 L. Ed. 2d 229 (1983); Davis v. State, 947 S.W.2d
240, 245 (Tex. Crim. App. 1997); Willis v. State, 192 S.W.3d 585,
591 (Tex. App.BTyler
2006, pet. ref=d). 
The investigative methods employed should be the least intrusive means
available to verify or dispel the officer=s
suspicion in a short period of time.  Sims, 98 S.W.3d at 295. 
There is no rigid time limitation on the detention; the propriety of the
detention’s duration is judged by assessing whether the police diligently
pursued a means of investigation that was likely to dispel or confirm their
suspicions quickly.  See id.; United States
v. Sharpe, 470 U.S. 675, 686, 105 S. Ct. 1568, 1575, 84 L. Ed. 2d 605
(1985)).

In
the instant case, Appellant concedes that Johnson did not require any level of
suspicion to engage in an encounter with him.  See Francis v. State,
922 S.W.2d 176, 178 (Tex. Crim. App. 1996) (encounter is friendly exchange of
pleasantries or mutually useful information, where person to whom questions are
put remains free to disregard questions and walk away).  Thus, assuming
arguendo that the facts before us indicate that Johnson’s encounter with
Appellant ever became a detention, we will direct our inquiry to whether
Johnson had reasonable suspicion to continue his investigation once he observed
Appellant asleep in the driver=s
seat of the vehicle.   

Johnson
testified that he observed a vehicle parked in front of a closed business.  Due
to the fact that, in the past, the business had been burglarized, the business
was closed, it was late at night, and the vehicle was parked on the sidewalk
with its headlights shining into the building, Johnson decided to approach the
vehicle.  As Johnson approached, he observed that the vehicle=s engine was running and
that Appellant appeared to be sleeping or “passed out” in the driver’s seat. 
Johnson stated that he contacted Appellant, who reacted with surprise.  Johnson
further stated that Appellant was unable to provide him with identification, at
which point he asked Appellant to exit the vehicle.  Johnson testified that he
asked Appellant what he was doing and that Appellant responded that  “he was
waiting on her . . . by the university.”  Johnson stated that he asked
Appellant where he believed he was and that Appellant advised that he thought
he was in Chapel Hill, a town not near Appellant=s
location.  Johnson further stated that he asked Appellant for consent to
conduct a search of his person and that Appellant granted him such consent. 
Johnson testified that as a result of his search, he recovered a baggie of
marijuana and several bags of methamphetamine in Appellant=s right front pants pocket.

Appellant
cites Klare v. State, 76 S.W.3d 68 (Tex. App.–Houston [14th
Dist.] 2002, pet. ref’d) in support of his proposition that Johnson’s detention
was not based on reasonable suspicion.  In Klare, the appellant’s
vehicle was, at 2:30 a.m., parked in front of a convenience store that had
previously “had problems with burglary.”  Id. at 71.  The
arresting officer admitted that the appellant had committed no traffic
violations.  See id.  The court of appeals noted that the time
of day, a car that is parked in close proximity to a business that is closed
for the day, and a given locale that is well known for criminal activity are
each factors to be considered in deciding whether reasonable suspicion exists,
but are not individually capable of supporting reasonable suspicion.  Id
at 73–75.  The court further noted that courts generally require an additional
fact or facts particular to the suspect’s behavior to justify a suspicion of
criminal activity.  Id. at 75.  Such fact or facts include traffic
violations, failure to signal, driving through a gas station to avoid a red
light, an expired inspection sticker and no seatbelt, a burned out taillight,
and speeding.  Id.  Ultimately, the court held that under the
facts before it, the officer did not have reasonable suspicion to detain the
appellant.  Id. at 77.

The
instant case bears some similarity to the facts in Klare since
Appellant’s vehicle was, during the early morning hours, parked in front of a
business that was closed for business and had been recently burgled.  However,
unlike the facts present in Klare, the record in the case at hand
contains additional facts that support Johnson’s further detention of
Appellant.  

Here,
the record reflects that Appellant’s car engine was running and the headlights
were shining into the building.  From these facts, considered in light of the
totality of the circumstances, Johnson could have rationally inferred that
Appellant was attempting to illuminate the interior of this business that had
been recently burgled and that he left his engine running to facilitate his
flight, if necessary, from that location.  In other words, Johnson could have
reasonably suspected that Appellant was a getaway driver.  Further, when
Johnson made inquiries of Appellant, Appellant could not effectively or
accurately communicate to Johnson what he was doing or where he was. 
Appellant’s behavior could logically be construed as that of a person who was
attempting to a concoct an impromptu story to conceal illicit behavior.  

Finally,
it is noteworthy that Appellant’s vehicle was parked on the sidewalk.  See Tex. Code Crim. Proc. Ann. art.
14.03(d) (Vernon Supp. 2008) (peace officer who is outside jurisdiction may
arrest, without warrant, person who commits offense within officer’s presence
or view if offense is felony or violation of Texas Penal Code, chapter 42); Tex. Penal Code Ann. § 42.03(a)(1)
(Vernon 2003) (under Chapter 42, person commits offense if, without legal
privilege or authority, he intentionally, knowingly, or recklessly obstructs
sidewalk to which public has access).  Thus, Johnson was entitled to detain
Appellant even though Johnson was outside of his jurisdiction.

Based
on the aforementioned facts, which we have considered in light of the totality
of the circumstances, we conclude that Johnson possessed one or more objective
bases to justify his detention, if any, of Appellant.  Therefore, we hold that
the trial court did not abuse its discretion in overruling Appellant’s motion
to suppress.  Appellant’s first issue is overruled.

 

Collateral Estoppel

            In
his second issue, Appellant argues that collateral estoppel bars the
relitigation of the following factual issues in his trial for possession of a
controlled substance:  (1) whether Johnson was outside of his jurisdiction and
(2) whether Johnson observed an offense or action that would allow him to
detain Appellant.

            The
doctrine of collateral estoppel is embodied within the Double Jeopardy Clause
of the Fifth Amendment, which is applicable to the states through the
Fourteenth Amendment.  Murphy v. State, 239 S.W.3d 791, 794 (Tex.
Crim. App. 2007) (citing Ashe v. Swenson, 397 U.S. 436, 445, 90 S. Ct. 1189, 1195, 25 L. Ed. 2d 469 (1970); U.S.
Const. amend. V; U.S. Const.
amend. XIV); see also State v. Stevens, 261 S.W.3d 787, 790 (Tex.
App.–Houston [14th Dist.] 2008, no pet.).  While double jeopardy protects a
defendant against a subsequent prosecution for an offense for which the
defendant has been acquitted, collateral estoppel deals only with relitigation
of specific fact determinations.  Stevens, 261 S.W.3d at 790. 
Collateral estoppel means “that when an issue of ultimate fact has once been
determined by a valid and final judgment, that issue cannot again be litigated
between the same parties in any future lawsuit relating to the same event or
situation.” Id. (quoting Ashe, 397 U.S. at 443, 90 S. Ct. 1194; Ex parte Taylor, 101 S.W.3d 434, 440 (Tex. Crim. App.
2002)).  

            To
determine whether collateral estoppel bars a subsequent prosecution or permits
the prosecution, but bars relitigation of certain specific facts, the reviewing
court applies a two step analysis to determine (1) exactly what facts were
necessarily decided in the first proceeding, and (2) whether those necessarily
decided facts constitute essential elements of the offense in the second
trial.  Murphy, 239 S.W.3d at 795.  To satisfy the second part of
the analysis, the precise fact litigated in the first prosecution “must also be
an essential element of the subsequent offense.”  Stevens, 261
S.W.3d at 790.  “Specifically, if the necessarily decided fact litigated in the
first prosecution constitutes an essential element framed within the second
prosecution's offense, then the ‘essential element of the offense’ prong is
satisfied.”  Id.

            In
the case at hand, Appellant’s subsequent trial concerned charges that he
intentionally or knowingly possessed between one and four grams of
methamphetamine.  See Tex. Health
& Safety Code Ann. §§ 481.102(6), 481.115(c) (Vernon Supp. 2009). 
None of the facts litigated in the suppression hearing pertaining to
Appellant’s misdemeanor trial concerning the legality of Appellant’s detention
and arrest are essential elements of the offense at hand.  Id. 
Rather, these facts underlie the issue of admissibility of evidence.  See,
e.g., State v. Rodriguez, 11 S.W.3d 314, 318 (Tex. App.–Eastland
1999, no pet.).  As such, we conclude that the relitigation of facts pertaining
to (1) whether Johnson was outside of his jurisdiction and (2) whether Johnson
observed an offense or action that would allow him to detain Appellant are not
barred by collateral estoppel because such facts do not constitute essential
elements of the offense of possession of methamphetamine.  Appellant’s second
issue is overruled.

 

 

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

Opinion delivered December 16, 2009.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)